**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4939**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

KASHUN WATSON,

                    Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Florence.  R. Bryan Harwell, District Judge.
(4:10-cr-00941-RBH-9)

Submitted:  June 21, 2012          Decided:  June 25, 2012

Before GREGORY, SHEDD, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Carla Faye Grabert-Lowenstein, Conway, South Carolina, for
Appellant.  Alfred William Walker Bethea, Jr., Assistant United
States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kashun Watson pled guilty in a Fed. R. Crim. P. 11 hearing to one count of conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine and 50 grams or more of cocaine base, in violation of 21 U.S.C. § 846 (2006). He was sentenced to 151 months in prison. In accordance with Anders v. California, 386 U.S. 738 (1967), Watson's attorney has filed a brief certifying that there are no meritorious issues for appeal but questioning (1) the validity of Watson's guilty plea; (2) Watson's classification as a career offender; (3) the district court's refusal to apply a one-to-one ratio of cocaine to cocaine base; and (4) the reasonableness of Watson's sentence. Although informed of his right to do so, Watson has not filed a pro se supplemental brief. We affirm.

Because Watson did not move to withdraw his plea, we review his Rule 11 hearing for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). Here, we find no error, as the district court fully complied with Rule 11 when accepting Watson's plea. Given no indication to the contrary, we therefore find that Watson's plea was knowing and voluntary, and, consequently, final and binding. See United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc).

We review Watson's sentence for reasonableness, using an abuse of discretion standard. Gall v. United States, 552

2

U.S. 38, 51 (2007). The first step in this review requires us to ensure that the district court committed no significant procedural error. United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008). Procedural errors include improperly calculating the Guidelines range, treating the Guidelines as mandatory, failing to consider the 18 U.S.C. § 3553(a) (2006) factors, sentencing based on clearly erroneous facts, or failing to adequately explain the sentence, "including an explanation for any deviation from the Guidelines range." Gall, 552 U.S. at 51. Only if we find a sentence procedurally reasonable can we consider substantive reasonableness. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009).

As counsel notes, the district court did not err in concluding that Watson qualified as a career offender pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 4B1.1(a) (2010). Watson was convicted of the controlled substance offenses supporting his career offender designation well before the completion of the conduct supporting his instant conviction. Accordingly, those offenses properly supported the application of USSG § 4B1.1(a). See USSG § 4B1.2(c); United States v. Carter, 300 F.3d 415, 427 (4th Cir. 2002).

Further, the district court did not err in declining to apply a one-to-one ratio with respect to cocaine and cocaine base when sentencing Watson. Because Watson's offense involved

3

a significant quantity of both drugs, the application of such a ratio would not have affected his sentence, given his career offender status and the district court's decision to grant him the benefit of the statutory amendments of the Fair Sentencing Act of 2010, Pub. L. No. 111-220. Because Watson's sentence was otherwise procedurally and substantively reasonable, we find no error in its imposition.

In accordance with Anders, we have reviewed the record and have found no meritorious issues for appeal. We therefore affirm Watson's conviction and sentence. This court requires that counsel inform Watson, in writing, of his right to petition the Supreme Court of the United States for further review. If Watson requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Watson. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED